FILED
CLERK, U.S. DISTRICT COURT
10/18/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ASI___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JESUS ESTEBAN RIOS-IBARRA,<br>   aka "Jesus Rios Chuy Jr.,"<br>RACHEL PEREZ RODRIGUEZ,<br>   aka "Midget,"<br>   aka "Rachel Valdez,"<br>   aka "Anna Perez,"<br>   aka "Diane Rodriguez,"<br>JORGE FRANCO, and<br>CARLOS JAVIER GALLEGOS,<br>   aka "Worm,"<br>   aka "Trigger,"<br><br>        Defendants. | CR No. 2:24-cr-00623-SVW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and to Possess With Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |

    The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

    Beginning on a date unknown to the Grand Jury, and continuing until on or about June 26, 2024, in Los Angeles County, within the

1

Central District of California, and elsewhere, defendants JESUS ESTEBAN RIOS-IBARRA, also known as ("aka") "Jesus Rios Chuy Jr.," RACHEL PEREZ RODRIGUEZ, aka "Midget," aka "Rachel Valdez," aka "Anna Perez," aka "Diane Rodriguez," JORGE FRANCO, and CARLOS JAVIER GALLEGOS, aka "Worm," aka "Trigger," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute, and possess with intent to distribute, at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi).

B.  MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant RIOS-IBARRA would negotiate with drug customers to sell pills containing fentanyl in exchange for cash and would arrange to have the pills delivered at a meeting location.

2. Defendant RIOS-IBARRA would meet with drug customers to conduct drug sales at the pre-arranged meeting location.

3. Defendants FRANCO and RODRIGUEZ would travel to the vicinity of the meeting location in a separate vehicle with the pills containing fentanyl.

4. At the direction of defendants RIOS-IBARRA and RODRIGUEZ, defendant FRANCO would drive his vehicle to the meeting location, where defendant RODRIGUEZ would show the pills containing fentanyl to the drug customer.

2

5. Defendant GALLEGOS would serve as a lookout during drug transactions and, in the event drug transactions were not completed, would transport the pills containing fentanyl away from the location where the drug transaction was to have taken place.

C. OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants RIOS-IBARRA, RODRIGUEZ, FRANCO, and GALLEGOS, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

1. On June 25, 2024, defendant RIOS-IBARRA arranged to sell approximately 100,000 pills containing fentanyl to an individual posing as a drug customer but who was, in fact, a confidential source working for law enforcement (the "CS").

2. On June 26, 2024, defendant RIOS-IBARRA directed the CS to meet defendant RIOS-IBARRA at a location in Pomona, California (the "Meeting Location") to conduct the drug transaction.

3. On June 26, 2024, defendant RIOS-IBARRA traveled to the Meeting Location.

4. On June 26, 2024, defendants FRANCO and RODRIGUEZ traveled to the vicinity of the Meeting Location in a white Volkswagen van (the "White Volkswagen") with a duffel bag containing approximately 13.17 kilograms of pills containing fentanyl.

5. On June 26, 2024, after the CS arrived at the Meeting Location, defendants RIOS-IBARRA and RODRIGUEZ directed defendant FRANCO to drive the White Volkswagen to the Meeting Location.

6. On June 26, 2024, after defendant FRANCO drove the White Volkswagen to the Meeting Location, and at defendant RIOS-IBARRA's direction, defendant RODRIGUEZ opened the White Volkswagen's side door, opened the duffel bag that was in the White Volkswagen, and showed the CS the pills containing fentanyl that were inside the duffel bag.

7. On June 26, 2024, after the CS left the Meeting Location, defendant RODRIGUEZ removed the duffel bag containing the pills containing fentanyl from the White Volkswagen and placed them into the back of another car, then drove that car into the backyard of a house in the vicinity of the Meeting Location.

8. On June 26, 2024, defendant GALLEGOS drove a silver-colored Toyota sedan (the "Silver Toyota") into the backyard of the same house in the vicinity of the Meeting Location into which defendant RODRIGUEZ had just driven in another car.

9. On June 26, 2024, defendant RODRIGUEZ placed the duffel bag containing the pills containing fentanyl into the Silver Toyota and got into the Silver Toyota.

10. On June 26, 2024, defendant GALLEGOS drove the Silver Toyota containing him, defendant RODRIGUEZ, and the pills containing fentanyl away from the Meeting Location.

D. SERIOUS VIOLENT FELONY

Prior to committing the offense alleged in this Count, defendant FRANCO had been finally convicted of a serious violent felony, as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851, namely, on or about March 9, 2001, in the Superior Court for the State of California, County of Los Angeles, case number KA050211, defendant FRANCO was convicted of two

counts of Attempted Murder, in violation of California Penal Code Sections 664/187(a), for which defendant FRANCO served a term of imprisonment of more than 12 months.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS RIOS-IBARRA, RODRIGUEZ, AND FRANCO]

On or about June 26, 2024, inside of a Volkswagen van in Los Angeles County, within the Central District of California, defendants JESUS ESTEBAN RIOS-IBARRA, also known as ("aka") "Jesus Rios Chuy Jr.," RACHEL PEREZ RODRIGUEZ, aka "Midget," aka "Rachel Valdez," aka "Anna Perez," aka "Diane Rodriguez," and JORGE FRANCO, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 13.17 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

Prior to committing the offense alleged in this Count, defendant FRANCO had been finally convicted of a serious violent felony, as that term is defined and used in Title 21, United States Code, Sections 802(58), 841, and 851, namely, on or about March 9, 2001, in the Superior Court for the State of California, County of Los Angeles, case number KA050211, defendant FRANCO was convicted of two counts of Attempted Murder, in violation of California Penal Code Sections 664/187(a), for which defendant FRANCO served a term of imprisonment of more than 12 months.

                          COUNT THREE

             [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

                       [DEFENDANT GALLEGOS]

On or about June 26, 2024, inside of a Toyota sedan in Los Angeles County, within the Central District of California, defendant CARLOS JAVIER GALLEGOS, aka "Worm," aka "Trigger," knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 13.17 kilograms, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 in the event of any defendant's conviction of the offense set forth in any of Counts One through Three of this Indictment.

2. Any defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense; and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

///
///
///

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
 Section

BRANDON E. MARTINEZ-JONES
Assistant United States Attorney
Violent and Organized Crime
 Section